By the Cottet.—Fbeedman, J.
The testimony clearly shows that it was part of the regular duties of Payne, as an employee of the plaintiffs, to open all letters directed 'to and received by the plaintiffs at their place of business, to take out any drafts contained in them and indorse them, and to present said drafts through a messenger bound to obey his instructions to the drawees for acceptance or- payment. Iiis authority to receive payment was not limited to payments made by checks drawn to the order of the plaintiffs.
When, therefore, the defendants paid to the messenger, who had been sent by Payne to present the drafts in suit which were payable at sight, for acceptance or payment, and who had been expressly instructed to take the money, if he could get it, the amount of the said drafts in currency, it was a good payment, notwithstanding the special indorsement placed by Payne upon the back of the drafts, which was intended to secure the deposit of the drafts in a particular bank for collection in case the defendants should only accept and not pay. This being so, the *193 defendants cannot be held for a conyersion of the drafts, because Payne failed to hand the money over to his principals.
The judgment should be affirmed, with costs.
Speib, J., concurred.